IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

COLUMBIA SAINT MARY'S HOSPITAL
MILWAUKEE, INC.
2323 North Lake Drive,
Milwaukee, Wisconsin 53211
Provider No.: 52-0051

    Plaintiff

v.

MICHAEL O. LEAVITT, Secretary of the United States
Department of Health and Human Services,
200 Independence Ave., S.W.
Washington, D.C. 20201

    Defendant

Case: 1:08-cv-00479
Assigned To : Huvelle, Ellen S.
Assign. Date : 3/20/2008
Description: Admn. Agency Review

## COMPLAINT

Plaintiff Columbia Saint Mary's Hospital Milwaukee, Inc. (the "Hospital"), by and through its undersigned counsel, states the following by way of Complaint against Michael O. Leavitt, Secretary of the United States Department of Health and Human Services (the "Secretary"):

### NATURE OF THE CASE

1. The instant action arises from a dispute over how to calculate correctly the Medicare disproportionate share hospital ("DSH") adjustment for the Hospital's Medicare cost reporting period ending on June 30, 2000. The issues to be addressed are two-fold. The first involves the proper calculation of the "Medicare fraction" of the Medicare DSH calculation. The second involves the proper calculation of the "Medicaid fraction" of the Medicare DSH calculation.

2. The Hospital first challenges the decision of the Administrator for the Centers for Medicare and Medicaid Services ("CMS"), in which the Administrator ruled that neither CMS nor the fiscal intermediary is required to recalculate the Medicare fraction of the Medicare DSH adjustment to include 52 additional patient days identified by the Hospital after submission of its cost report. The Hospital next challenges the Administrator's ruling that the fiscal intermediary properly excluded 366 Long Term Respiratory Unit ("LTRU") patient days from the Medicaid fraction of the Medicare DSH calculation.

## JURISDICTION AND VENUE

3. This action arises under Title XVIII of the Social Security Act, 42 U.S.C. § 1395 et seq. (the "Medicare Statute") and the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 et seq.

4. This Court has jurisdiction under 42 U.S.C. § 1395oo(f)(1).

5. Pursuant to 42 U.S.C. § 1395oo(f)(1), venue for a plaintiff such as this Hospital is proper in the United States District Court for the District of Columbia.

## PARTIES

6. The Hospital is a fully licensed, acute care hospital located at 2323 North Lake Drive, Milwaukee, Wisconsin. The Hospital's Medicare provider number is 52-0051. The Hospital is the successor-in-interest to St. Mary's Milwaukee, Inc. In or around of July of 2005, St. Mary's Milwaukee, Inc. merged with another hospital, Columbia Hospital, to form Columbia St. Mary's Milwaukee, Inc. The new hospital, Columbia St. Mary's Milwaukee, Inc., has the same Medicare provider number and taxpayer identification number as its predecessor-in-interest, St. Mary's Milwaukee, Inc., and has the right to any and all additional Medicare

proceeds and reimbursement owed to St. Mary's Milwaukee, Inc. for the time period covered by this Complaint.

7. Defendant Michael O. Leavitt is the Secretary of the Department of Health and Human Services, the federal department responsible for the administration of the Medicare and the Medicaid programs.

## THE MEDICARE PROGRAM

8. Congress enacted the Medicare Program (Title XVIII of the Social Security Act) in 1965. As originally enacted, Medicare was a public health insurance program that furnished health benefits to participating individuals once they reached the age of 65. Over the years, it has been expanded to provide health benefits to qualifying disabled persons and to individuals suffering from end-stage renal disease.

9. Among the benefits covered by Medicare are hospital services. For cost reporting years beginning before October 1, 1983, the Medicare program reimbursed hospital services on a "reasonable cost" basis. 42 U.S.C. § 1395f(b). Effective with cost reporting years beginning on or after October 1, 1983, Congress adopted a prospective payment system ("PPS") to reimburse most hospitals for inpatient operating costs. 42 U.S.C. § 1395ww(d). Under PPS, hospitals are paid a fixed amount for each of approximately 490 diagnosis-related groups, subject to certain payment adjustments.

10. The Secretary has delegated much of the responsibility for administering the Medicare program to CMS, formerly known as the Health Care Financing Administration (herein collectively referred to as "CMS"). The Secretary, through CMS, contracted out many of his audit and payment functions under Medicare to organizations know as "fiscal intermediaries."

11. At the close of a fiscal year, a provider of services must submit to its fiscal intermediary a "cost report" showing both the costs incurred by it during the fiscal year and the appropriate share of those costs apportioned to Medicare. 42 C.F.R. § 413.23(f). The intermediary is required to analyze and audit the cost report and inform the provider of a final determination of the amount of Medicare reimbursement through a notice of program reimbursement ("NPR"). 42 C.F.R. § 405.1803.

12. In the statute establishing the PPS for inpatient hospital services, Congress included a hospital-specific payment adjustment to provide reimbursement for hospitals that serve a "significantly disproportionate number of low-income patients." 42 U.S.C. § 1395ww(d)(5)(F)(i)(I). The applicability and size of a disproportionate share ("DSH") adjustment depends upon the hospital's disproportionate patient percentage ("DPP"). 42 U.S.C. § 1395ww(d)(5)(F)(v).

13. A hospital's DPP is the sum of two fractions. The numerator for the first fraction, referred to as the "Medicare fraction," is the number of inpatient days during the given reporting period for which a patient was eligible for both Medicare Part A and SSI payments ("SSI days"). 42 U.S.C. § 1395ww(d)(5)(F)(vi)(I). The denominator is the number of inpatient days for patients entitled to Medicare Part A. The numerator for the second fraction, referred to as the "Medicaid fraction," is the number of inpatient days for patients who, during the given reporting period, were eligible for medical assistance under a State plan approved under Title XIX, but who were not entitled to benefits under Medicare Part A. 42 U.S.C. § 395ww(d)(5)(F)(vi)(I). The denominator for the second fraction is the total number of the hospital's patient days for the same period. Id.

14. A provider that is dissatisfied with its intermediary's determination may file an appeal with an administrative body called the Provider Reimbursement Review Board ("PRRB"). This appeal must be filed within 180 days of the date of the NPR. 42 U.S.C. § 1395oo(a).

15. After a hearing, the PRRB renders a decision on the issues in the provider's appeal. 42 C.F.R. § 405.1871(a).

16. The PRRB's decision is binding unless the CMS Administrator reviews the PRRB's decision within 60 days of its issuance. 42 U.S.C. § 1395oo(f).

17. The provider may obtain judicial review of any final decision of the PRRB, or of any reversal, affirmance, or modification by the CMS Administrator, by filing a civil action within sixty (60) days of the provider's receipt of either the decision by the PRRB or, if applicable, the decision by the CMS Administrator. 42 U.S.C. § 1395oo(f)(1); 42 C.F.R. § 405.1877(a).

18. In the instant matter, the PRRB issued its decision on November 16, 2007. The CMS Administrator reviewed the PRRB's decision, and issued a final agency decision on January 15, 2008.

19. The Hospital received the CMS Administrator's decision on January 22, 2008, and hereby brings a timely civil action against the Secretary in accordance with 42 U.S.C. § 1395oo(f)(1).

## COUNT 1 – ACCURACY OF SSI DAYS

20. Paragraphs 1-19 are incorporated herein by reference as if fully set forth at length below.

21. The Supplemental Security Income program ("SSI") is administered by the Social Security Administration ("SSA"). Thus, SSA must provide data to CMS in order for CMS to properly determine the numerator of the Medicare fraction.

22. To obtain the number of days provided to patients who are eligible for both Medicare Part A and SSI (the numerator of the Medicare fraction), CMS compares data from the Medicare Provider Analysis and Review file ("MEDPAR"), which includes Medicare's database of hospital inpatients, with a file created for CMS by SSA that identifies SSI-eligible individuals.

23. On September 28, 2002, United Government Services, LLC (the "Intermediary") issued an NPR for the Hospital for the fiscal year ending June 30, 2000. The Hospital filed a timely appeal with the PRRB.

24. After the Hospital appealed, a consultant working on the Hospital's behalf requested from CMS the source data that CMS used to calculate the Hospital's SSI fraction. CMS provided to the Hospital a data file from the MEDPAR database, plus the data file that CMS had obtained from SSA. Upon comparison of the two files, the Hospital discovered that the SSA data file included 52 more SSI inpatient days than was reflected in the MEDPAR file. Thus, CMS's calculation of the Medicare fraction undercounted SSI days by at least 52 patient days.

25. CMS does not dispute that the SSA data file is an accurate data source in determining the number of inpatients who were eligible to receive SSI payments.

26. There is no statutory or regulatory authority that allows the Secretary to rely upon inaccurate data when calculating the DSH adjustment for a hospital. The statute setting forth the calculation of the SSI percentage (i.e., the Medicare fraction) states that the numerator "is *the number of* such hospital's inpatient days for such period which were made up of patients who

(for such days) were entitled to benefits under part A of this subchapter and were entitled to supplementary security income benefits . . . under subchapter XVI of this chapter." 42 U.S.C. § 1395ww(d)(5)(F)(vi)(I) (emphasis added). Thus, the statute requires that the Secretary use *the actual number of SSI days*, calculated accurately, in determining the SSI percentage of the Medicare fraction.

27.  Moreover, unlike the PPS method for calculating cost reimbursement, the DSH payment is an entirely retrospective adjustment to a hospital's payment. That is, the DSH adjustment is an addition to a hospital's PPS payment that is based on hospital-specific data from the *prior* cost reporting period. Thus, the DSH payment is not an estimate of costs, but is a calculation based on the hospital's data from a prior cost reporting period.

28.  Based on the foregoing, the Administrator's decision must be reversed and the Secretary and CMS must be required to recalculate the Hospital's Medicare DSH adjustment in accordance with the Medicare statute and include the undercounted SSI days referenced in this Complaint.

## COUNT 2 – DAYS TO INCLUDE IN THE MEDICAID PROXY

29.  Paragraphs 1-28 are incorporated herein by reference as if fully set forth at length below.

30.  The numerator used to calculate the Medicaid fraction of the DPP is defined as "the number of the hospital's patient days for such period which consist of patients who (for such days) were eligible for medical assistance under a State plan approved under subchapter XIX of this chapter, but who were not entitled to benefits under part A of this subchapter." 42 U.S.C. § 1395ww(d)(5)(F)(vi)(II). The corresponding regulation describes the numerator as "the number

of the hospital's patient days of service for which patients were eligible for Medicaid but not entitled to Medicare Part A." 42 C.F.R. § 412.106(b)(4).

31. In considering the issue in this case, the PRRB correctly found that the exclusion of 366 LTRU Medicaid days from the Hospital's cost report was improper because both the plain language of the statute and the intent of Congress indicate that those days for which a patient is no longer entitled to Medicare payments must be included in the Medicaid proxy calculation, so long as they are eligible for Medicaid. Where a patient has exhausted his or her Medicare benefits, the patient is, effectively, not "entitled" to receive Medicare benefits with respect to those days and must be included in the Medicaid fraction of the Medicare DSH calculation. See Alhambra Hospital, Nos. 02-2129 and 04-1734, 2005 WL 2405778 at * 3 (P.R.R.B. Jul. 29, 2005).

32. Accordingly, the LTRU days in the present matter, for which patients were eligible for Medicaid, but not entitled to Medicare Part A, must be included in the Medicare DSH calculation in accordance with the plain meaning of the Medicare DSH calculation.

33. In Jewish Hospital, Inc. v. Secretary of Health and Human Services, the Sixth Circuit addressed the difference between eligibility and entitlement. The term "entitlement" referred to in the Medicare fraction "fixes the calculation upon the absolute right to receive an independent and readily defined payment." On the other hand, the term "eligibility" referred to in the Medicaid fraction "refer[s] to the qualification of for Medicaid benefits in the calculation of this proxy...." 19 F.3d 270, 275 (6th Cir. 1994). The LTRU patient in the present matter did not have an absolute right to receive a payment because his Medicare coverage was exhausted. Thus, because he was eligible for Medicaid, and not entitled to Medicare Part A, all 366 of his patient days must be included in the Medicaid fraction.

34. For the aforementioned reasons, the decision of the Administrator must be reversed, and the Secretary and CMS must be required to recalculate the Hospital's Medicare DSH adjustment in accordance with the Medicare statute and include the 366 SSI days that were unlawfully excluded.

**WHEREFORE**, Plaintiff requests relief as follows:

(1)  That the Court issue a declaration that the Medicare statute requires the SSI days referenced in this Complaint to be included in the calculation of Plaintiff's Medicare DSH adjustment.

(2)  That the Court issue a declaration that the Medicare statute requires the LTRU days referenced in this Complaint to be included in the calculation of Plaintiff's Medicare DSH adjustment.

(3)  That the Court enter an order requiring that the Secretary, within thirty (30) days of the District Court entering final judgment, to: (i) reopen the Plaintiff's cost report for the fiscal year at issue in this Complaint, (ii) recalculate the Plaintiff's Medicare disproportionate share adjustment in accordance with the Medicare DSH statute, such that the undercounted SSI days referenced in this complaint are included in the numerator of the "Medicare fraction" of the Medicare DSH calculation and such that the LTRU days referenced in this complaint are included in the numerator of the "Medicaid fraction" of the Medicare DSH calculation, (iii) pay the Plaintiff the additional amounts due under the resulting DSH recalculation, and (iv) pay interest on the amounts due in accordance title 42 U.S.C. § 1395oo(f)(2);

(4)  That the Court issue a declaration stating that it shall retain jurisdiction in this matter until the Secretary's recalculation of the Plaintiff's Medicare DSH calculation and subsequent payment to the Plaintiff of the additional amounts due is complete;

(5) That the Court enter an order requiring the Secretary to submit for the Court's approval instructions to the Plaintiff's Medicare fiscal intermediary for the recalculation of the Medicare DSH adjustments in accordance with the Medicare DSH statute;

(6) Attorneys fees and costs of suit incurred by the Hospital as permitted by the law;

(7) Such other relief as this Court deems just and appropriate.

Dated: March 20, 2008

Respectfully submitted,

*Jacqueline E. Bennett*
Jacqueline E. Bennett
DC Bar #474355
**REED SMITH LLP**
1301 K Street, N.W.
Suite 1100 – East Tower
Washington, DC 20005
(202) 414-9200
(202) 414-9299 Facsimile
JBennett@ReedSmith.com

Attorneys for Plaintiff

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Columbia Saint Mary's Hospital Milwaukee, Inc.

## DEFENDANTS
Michael O. Leavitt, Secretary of the United States Department of Health and Human Services

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __Milwaukee__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Jacqueline E. Bennett
Reed Smith LLP
1301 K Street, N.W., Suite 1100 - East Tower
(202) 414-9200

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
- ☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
- ☒ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other) OR ○ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

|   | G. *Habeas Corpus/ 2255* |   | H. *Employment Discrimination* |   | I. *FOIA/PRIVACY ACT* |   | J. *Student Loan* |
|---|---|---|---|---|---|---|---|
| ○ |   | ○ |   | ○ |   | ○ |   |
|   | ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence |   | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* |   | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* |   | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

|   | K. *Labor/ERISA (non-employment)* |   | L. *Other Civil Rights (non-employment)* |   | M. *Contract* |   | N. *Three-Judge Court* |
|---|---|---|---|---|---|---|---|
| ○ |   | ○ |   |   |   | ○ |   |
|   | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act |   | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other |   | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise |   | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Action under 42 U.S.C. sec. 1395oo(f)(1) for judicial review of final decision by the Administrator for the Centers for Medicare and Medicaid Services.

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    DEMAND $ _____    Check YES only if demanded in complaint
JURY DEMAND:    YES ☐    NO ☒

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE 3-20-08    SIGNATURE OF ATTORNEY OF RECORD    *Jacqueline E. Bennett*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.