# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COLUMBIA SAINT MARY'S HOSPITAL MILWAUKEE, INC. )<br><br>Plaintiff, )<br><br>v. )<br><br>MICHAEL O. LEAVITT, Secretary, )<br>U.S. Department of Health and Human Services, )<br><br>Defendant. ) | Case No. 1:08CV00479 (ESH) |

## ANSWER

Defendant, Michael O. Leavitt, Secretary of Health & Human Services ("Secretary" or "Defendant"), by and through his undersigned counsel, answers Plaintiff's Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Answering specifically each paragraph of the Complaint, and using the same numbering contained in the Complaint, Defendant pleads as follows:

1-2. These paragraphs contain Plaintiff's characterizations of this action, characterizations of an administrative decision, and conclusions of law, not allegations of fact, and thus no response is required.

3. Denies, except to admit that this action arises under Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395, et seq. ("the Medicare statute").

4-5. These paragraphs contain Plaintiff's conclusions of law, not allegations of fact, and thus no response is required.

6. Admits the first and second sentences. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of this paragraph and, on that basis, denies those allegations.

7. Denies, except to admit that the Secretary, who is principally responsible for administration of the Medicare program, has delegated considerable authority for program administration to the Administrator of the Centers for Medicare and Medicaid Services ("CMS"). By way of further answer, Defendant avers that on June 29, 2001, the Secretary changed the name of the Health Care Financing Administration ("HCFA") to CMS. 66 Fed. Reg. 35437 (July 5, 2001).

8-9. These paragraphs contain Plaintiff's characterization and description of the Medicare statute to which no response is required. The Secretary denies any such characterization and respectfully refers the Court to the cited provisions of the statute for a complete and accurate statement of their contents.

10. Denies the first sentence, except to admit that the Secretary, who is principally responsible for administration of the Medicare program, has delegated considerable authority for program administration to the Administrator of CMS. By way of further answer, Defendant avers that on June 29, 2001, the Secretary changed the name of the HCFA to CMS. 66 Fed. Reg. 35437 (July 5, 2001). The second sentence of this paragraph contains conclusions of law, not allegations of fact, and thus no response is required. By way of further answer, the Secretary respectfully refers the Court to 42 U.S.C. § 1395h and to 42 C.F.R. §§ 421.1-421.128 for a full and accurate description of the role of the Medicare fiscal intermediaries in the provider reimbursement process.

11-17. These paragraphs contain conclusions of law and Plaintiff's characterization and description of various provisions of the Medicare statute and implementing regulations, to which no response is required. The Secretary denies any such characterization, and respectfully refers the Court to the cited provisions for a complete and accurate statement of their contents.

18. Admits.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first clause of this paragraph and, on that basis, denies these allegations. The second clause of this paragraph contains a conclusion of law, not allegations of fact, to which no response is required.

20. The Secretary incorporates by reference his responses to paragraphs 1 through 19.

21. Admits.

22. Denies, except to admit that the Secretary uses inpatient hospital stay records and entitlement data regarding the Supplemental Security Income Program ("SSI") to determine the SSI fraction.

23. Admits the allegations in the first sentence. The second sentence contains a conclusion of law, not allegations of fact, to which no response is required.

24. The first, second, and third sentences contain Plaintiff's characterization and description of a stipulation entered into before the Provider Reimbursement Review Board ("PRRB") between Plaintiff and the fiscal intermediary, to which no response is required. The Secretary denies any such characterization and respectfully refers the Court to the full text of the stipulation for a complete and accurate statement of its contents. (See Certified Administrative

Record ("A.R.") 73-75.)[1]  By way of further answer, the Secretary avers that he is not bound by stipulations between a provider and an intermediary entered into before the PRRB.  Denies the fourth sentence.

25.  This paragraph contains Plaintiff's characterization and description of a stipulation entered into before the PRRB between Plaintiff and the fiscal intermediary, to which no response is required.  The Secretary denies any such characterization and respectfully refers the Court to the full text of the stipulation for a complete and accurate statement of its contents.  (See A.R. 73-75.)  By way of further answer, the Secretary avers that he is not bound by stipulations between a provider and an intermediary entered into before the PRRB.

26.  Admits the first sentence.  The second and third sentences contain Plaintiff's characterization and description of, and a quotation from, the Medicare statute regarding the disproportionate patient percentage, to which no response is required.  The Secretary denies any such characterization, and respectfully refers the Court to the cited statutory provision for a complete and accurate statement of its contents.

27.  This paragraph contains conclusions of law, not allegations of fact, and thus no response is required.  By way of further answer, the Secretary respectfully refers the Court to 42 U.S.C. § 1395ww(d)(5)(F) and 42 C.F.R. § 412.106 for a complete and accurate statement of their provisions regarding additional payments to disproportionate share hospitals.

28.  Denies.

29.  The Secretary incorporates by reference his responses to paragraphs 1 through 28.

---

[1] The Secretary is filing separately the certified one-volume administrative record for this action.

30. This paragraph contains Plaintiff's characterization and description of, and quotations from, the Medicare statute and implementing regulations to which no response is required. The Secretary denies any such characterization, and respectfully refers the Court to the cited provisions for a complete and accurate statement of their contents.

31. This paragraph contains Plaintiff's characterization of a November 16, 2007 decision of the PRRB, not allegations of fact, and thus no response is required. The Secretary denies any such characterization, and respectfully refers the Court to the full text of the PRRB's November 16, 2007 decision, (see A.R. 32-37), for a full and accurate statement of its contents.

32. Denies.

33. The first, second, and third sentences contain Plaintiff's characterization and description of, and quotations from, a judicial opinion issued in another case to which no response is required. The Secretary denies any such characterization, and respectfully refers the Court to the cited opinion for a complete and accurate statement of its contents. The fourth sentence contains a conclusion of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. Denies the fifth sentence.

34. Denies.

The remainder of Plaintiff's Complaint contains its prayer for relief, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.

Except to the extent expressly admitted or qualified above, the Secretary denies each and every allegation in the Complaint.

The Secretary respectfully requests that the Court enter judgment affirming the validity of the challenged agency action, dismissing the Complaint and action with prejudice, and awarding Defendant costs and such other relief as the Court may deem appropriate.

Respectfully submitted,

__/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

__/s/_____
CHRISTOPHER B. HARWOOD
N.Y. Reg. No. 4202982
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 Fourth Street, NW
Washington, DC 20530
(202) 307-0372

__/s/_____
ROBERT W. BALDERSTON
U.S. Department of Health and Human Services
Office of the General Counsel
Centers for Medicare and Medicaid Services
330 Independence Ave., S.W.
Washington, D.C. 20201
(202) 619-3601